IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 6, 2000 Session

## JOHNNY & MARY JO HARPER, ET AL. v. MELVIN SLOAN, ET AL.

**Direct Appeal from the Chancery Court for Wilson County**
**No. 98254;  The Honorable William H. Inman, Chancellor (by designation)**

_____

**No. M2000-01104-COA-R3-CV - Filed March 13, 2001**

_____

This appeal involves the determination of whether the trial court erred in determining that a pathway known as Jaybird Lane was a public road.  Additionally, the trial court found that the road had not been abandoned and thus granted summary judgment to the Defendants.  For the following reasons, we affirm the ruling of the court below in all respects.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Jerry Gonzalez, _pro se_, for Appellants

Dean Robinson, for Appellees Melvin Sloan and Beverly P. Sloan

Michael R. Jennings, for Appellee Steve Armistead

# MEMORANDUM OPINION [1]

Plaintiff Gonzalez owns property located on the north side of Jaybird Lane. Plaintiffs Harper,[2] Figlio, Stinson, and Hammers own property located on the south side of Jaybird Lane. The Sloans also own property located on the south side of Jaybird Lane.

Plaintiffs alleged that Jaybird Lane is not a public road, or alternatively, that it was abandoned. Furthermore, Plaintiffs alleged that if Jaybird Lane was a county road that the Sloans "have indicated a positive intent to abandon any right of way by erecting several fences across this alleged road." Moreover, Plaintiff Harper alleged that he erected a fence across the alleged road more than twenty years ago. As a result, he alleges that the Sloans have no right to use Jaybird Lane because the alleged easement was abandoned.

The Sloans averred that they acquired their property in 1997, and that it was bounded on the north by the old country road. Due to their desire to improve the road, the Sloans contacted the Road Commission in order to determine the legal status of the road. The Commission adopted a resolution stating that "Nokes Drive [Jaybird Lane] was a county road, not maintained." Moreover, the Sloans further submit that Jaybird Lane appears in the following sources: (1) on the County index base map, (2) on the Wilson County Chamber of Commerce map, (3) on Microsoft Corporation's Road Atlas, (4) in Harper's deed as bounding their property on the north, (5) in the Gonzalezs' chain of title as bounding their property on the south, and (6) in the chain of title of the remaining Plaintiffs' properties as bounding their properties on the north.

Plaintiffs moved for summary judgment on August 18, 1998, but Plaintiffs' motion was denied. Furthermore, an interlocutory appeal was denied and the court of appeals denied an extraordinary appeal.

After Plaintiff Harper withdrew from the litigation, the Sloans moved to dismiss the complaint for failure to state a claim. Since the Plaintiffs had moved for summary judgment and alleged that there was no general issue of material fact, the court concluded that the Defendants Rule 12 motion would be treated as a Rule 56 motion because matters outside the pleadings would be considered.

The trial court concluded that Jaybird Lane was a public road and that it was not abandoned. The trial court granted summary judgment to the Sloans and granted Defendant Armistead's motion

---

[1] **Rule 10. (Court of Appeals) (b) Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2] Mr. and Mrs. Harper filed an affidavit on April 17, 2000, indicating their intent to discontinue participation in this case.

to dismiss. This appeal followed. The following issues, as quoted from Appellant Gonzalez's brief, are submitted for our review:

1) Whether the trial court erred when it denied Plaintiffs' motion for summary judgment when there were statements of fact that were not disputed by defendants.

2) Whether the undisputed existence of fences across the pathway established the loss through adverse possession or abandonment of any underlying easement.

3) Whether the trial court erred when it granted summary judgment to Defendants and found that the pathway was a public right of way when there were issues of fact in dispute.

4) Whether the trial court erred when it granted summary judgment to Defendants and found that the pathway had not been abandoned as a public right of way when the road commissioner has authority to abandon public roads.

**Standard of Review**

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law. See TENN. R. CIV. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in his favor and discarding all countervailing evidence. See Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns only questions of law, the trial court's judgment is not presumed correct, and our review is *de novo* on the record before this court. See Warren v. Estate of Kirk, 954 S.W.2d 722, 723 (Tenn. 1997); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

**Law and Analysis**

First, Plaintiffs assert that the trial court erred when it denied their motion for summary judgment because there were statements of fact that were not disputed by Defendants. Plaintiffs cite several facts in their brief that they allege were not disputed. However, these facts are not material. Our supreme court has stated that when deciding a summary judgment motion "[t]he critical focus is limited to facts deemed 'material,' which is to say those facts that must be decided in order to resolve the substantive claim or defense at which the motion is directed." Byrd v. Hall, 847 S.W.2d 208, 211 (Tenn. 1993) (citations omitted). We find that the "disputed facts" that Plaintiff focuses on are in no way material. As a result, this issue is without merit.

Next, we must decide whether the existence of fences across the road established loss through adverse possession or abandonment of any underlying easement. First, we agree with the court below that Jaybird Lane was a public road. As stated in the facts of this case, Jaybird Lane appears on several maps and deeds, and numerous witnesses testified about its public nature. In Dennis v. Miceli, the court stated that:

> Once a road has been dedicated for public use, it remains a public
> road in the absence of proof that the statutory procedures for closing
> roads have been followed. Thus, a dedication of land to public use is

not destroyed (1) by adverse possession or mere public nonuser, [sic] (2) by a private party's obstruction of the road, or (3) by the public authority's failure to maintain it.

Dennis v. Miceli, No. M1997-00056-COA-R3-CV, 1999 WL 1072559, at *4 (Tenn. Ct. App. Nov. 30, 1999) (citations omitted). As a result of the foregoing authority, we find no error in the trial court's ruling on this issue.

Plaintiffs also assert that the trial court erred when it granted summary judgment to Defendants and found that the path was a public right of way when there were issues of fact in dispute. We disagree. "[T]he mere existence of *some* alleged factual dispute between the parties [will] not defeat a motion for summary judgment because the 'requirement is that there be no *genuine* issue of *material* fact.' Byrd v. Hall, 847 S.W.2d 208, 212 (Tenn. 1993) (emphasis in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Moreover, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Id. We find no error in the trial court's grant of summary judgment to the Defendants.

Finally, Plaintiffs assert that the trial court erred when it granted summary judgment to Defendants and found that the road had not been abandoned when the road commissioner has authority to abandon public roads. Abandonment must be established by "clear and unequivocal evidence of decisive and conclusive acts." Cottrell v. Daniel, 205 S.W.2d 973, 976 (Tenn. Ct. App. 1947). Moreover, once a road is public, "it remains a public road in the absence of proof that the statutory procedures for closing roads have been followed. Dennis v. Miceli, 1999 WL 1072559, at *4 (citations omitted). There is no such evidence in the case before us. Upon review of the record, we find no error in the trial court's ruling on this issue. As a result, this issue is without merit.

## Conclusion

The ruling of the trial court is affirmed in accordance with Court of Appeals Rule 10(b). Costs are taxed to Plaintiffs, Johnny and Mary Jo Harper, et al, for which execution may issue if necessary.

_____

_____
ALAN E. HIGHERS, JUDGE

-4-